SCHOTT, Judge.
Plaintiffs have brought' this action for a decree by the Juvenile Court under LSA-R.S. 13:1580, that the child, Stephen Christopher Cayden, is a neglected or dependent child under R.S. 13:1569, subd. 16 and that they be awarded legal custody and guardianship of the child. Alphonse Micheál Schade intervened in the proceedings challenging the jurisdiction of the court, and exceptions to the jurisdiction were filed by the curator ad hoc appointed to represent the absentee parents of the minor. From a judgment dismissing plaintiffs’ suit for lack of jurisdiction they have appealed.[1]
The child was born in Houston, Texas, on March 9, 1967, and was abandoned by his parents shortly thereafter. He has been living in Texas with his maternal great grandmother, Ethel Spell Schade and her husband, the intervenor, since that time. No effort was ever made by Mrs. Schade to obtain legal custody of the child, but in May, 1978, intervenor secured from the Harris County District Court an ex parte order appointing him “temporary managing conservator” pending proceedings for his appointment as permanent “managing conservator” of the child.
This action by intervenor in the Texas Court came at a time when he and Mrs. Schade were having marital problems culminating with separation and the institution of divorce proceedings. Mrs. Schade had made arrangements for the child to live with plaintiffs in Jefferson Parish, plaintiff Jerry Lyons, being the maternal great uncle of the child. Thus, on June 9, 1978, Mrs. Lyons went to Texas and took the child back to Louisiana over intervenor’s objection and some physical resistance. Plaintiffs instituted the present proceedings on August 9.
We are unable to distinguish this case from State in the Interest of King, 310 So.2d 614 (La.1975). There the court considered the following provisions of LSA-R.S. 13:1570:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his wellbeing; ... or who is abandoned by his parent or other custodian or who is otherwise without proper care, custody or support.”
In King the Supreme Court, as here, was not dealing with children who were Louisiana domiciliaries and had to consider them “found within the parish” for jurisdiction to attach. The court observed that the statute did not apply to children who were brought to Louisiana by a parent, and who were not being neglected or environmentally threatened while in Louisiana. The court concluded:
“Barring an emergency situation, and clear statutory authority, we do not find that Louisiana has an interest in the King children, domiciliaries of New York, comfortably residing in Metairie, sufficient to warrant its intrusion into what is obviously a custody dispute between Mr. and Mrs. King. Such an intrusion is not warranted and is not necessary for the welfare of the children.”
In the instant case the child is physically here only because he was taken from Texas by plaintiffs. Just as in King there are proceedings pending in the Texas court where plaintiffs may assert their claim for custody. There exists no emergency situa *768 tion or condition of neglect in Jefferson Parish which warrants the intrusion of the Juvenile Court into this custody battle already in progress in Texas.
The judgment appealed from is affirmed at plaintiffs’ cost.
AFFIRMED.

. Our opinion has no application to the jurisdiction of the district court over habeas corpus proceedings which the parties have informed us are pending.